# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1281V

```
* * * * * * * * * * * * *
                              *
LARRY J. DEMAS,               *
                              *
            Petitioner,       *     Special Master Shah
                              *
v.                            *     Filed: October 31, 2025
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
            Respondent.       *
                              *
* * * * * * * * * * * * *
```

*Max Peter Petrunya,* Max Petrunya P.C., Pittsburgh, PA, for Petitioner.
*Mary Eileen Holmes,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 28, 2020, Larry J. Demas ("Petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Pet. at 1 (ECF No. 1). Petitioner alleged that he suffered from Bell's Palsy as a result of the influenza ("flu") vaccination he received on September 26, 2017. Am. Pet. at 1 (ECF No. 71). On April 21, 2025, the parties filed a stipulation, which I adopted in a Decision awarding compensation the same day. ECF Nos. 96, 97. Petitioner was awarded $20,000.00 in damages. ECF No. 97.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2018)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

On June 10, 2025, Petitioner filed an application for final attorneys' fees and costs. ECF No. 103 ("Fees App."). Petitioner requests a total of $12,658.57 in attorneys' fees and costs. Fees App. at 1. This consisted of $8,287.50 in attorneys' fees and $3,609.98 in attorneys' costs. *Id.* Petitioner states that he incurred $761.09 in personal costs related to prosecution of this petition. *Id*. Respondent responded to the motion on June 12, 2025, stating that "Respondent is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date." ECF No. 104 ("Fees Resp.") at 1. Petitioner did not file a reply.

This matter is now ripe for consideration.

**I.  Attorneys' Fees and Costs**

Section 15(e)(1) of the Vaccine Act allows the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that describe the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

**A.  Reasonable Hourly Rates**

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Petitioner requests that his attorney, Mr. Max Petrunya, be compensated at the rate of $425.00 per hour for all work performed in this case, from 2023-2025. This is Mr. Petrunya's first case in the Vaccine Program and therefore the Court has not previously had an opportunity to assess the reasonableness of Mr. Petrunya's hourly rate. Mr. Petrunya's affidavit states he was admitted to practice law in the Commonwealth of Pennsylvania in October 2010 and was admitted to practice before the Court of Federal Claims in 2019. Fees App., Ex. A at 1. Based on my

experience, the hourly rate billed and requested by Mr. Petrunya is reasonable and shall be awarded herein.

### B. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *see also Arranga v. Sec'y of Health & Hum. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

I have reviewed the submitted billing entries and find the request to be reasonable. The billing entries contain sufficient detail to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, Petitioner is awarded final attorneys' fees in the amount of **$8,287.50**.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $3,609.98 in attorneys' costs. This amount consists of costs for acquiring medical records, postage, and expert services provided by Lawrence Steinman, M.D. *See* Fees App., Ex. C.

Petitioner paid Dr. Steinman $3,300.00 as a retainer for providing his expert services in this matter. Fees App., Ex. C at 2. Although Petitioner provided a copy of the check remitted to Dr. Steinman as proof of payment, there was no invoice or documentation submitted to substantiate the amount billed. Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task . . . **With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[3]

It is incumbent upon counsel to apprise all experts they retain of the requirements for preparing invoices in the Vaccine Program. Furthermore, Petitioner's counsel must provide

---

[3] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/cfc/files/vaccine_guidelines.pdf

sufficient evidence to warrant approval of an expert's hourly rate.  *See Vogler v. Sec'y of Health & Human Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013); *O'Neill*, 2015 WL 2399211, at *2, *15.  Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Hum. Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Hum. Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided).  Petitioner filed a 29-page report from Dr. Steinman as Ex. 4.  I believe the $3,300.00 paid to Dr. Steinman for his work in this case is reasonable, but Petitioner's counsel should be aware that future requests for experts' costs must be accompanied by the requisite supporting documents.

Petitioner has provided adequate documentation supporting the remainder of the requested attorneys' costs, and Respondent has not identified any specific costs as objectionable.  I find these costs to be reasonable and shall fully reimburse them.

Accordingly, Petitioner is awarded final attorneys' costs in the amount of **$3,609.98**.

### D.  Petitioner's Personal Costs

Petitioner further requests reimbursement of $761.09 for personally-incurred expenses, including a notary fee, a Law Depot subscription fee, faxes, photocopies, postage, the Court's filing fee, and an emergency room visit copayment in the amount of $150.00.  Fees App. at 1.

According to the Vaccine Act, compensation awarded under the Vaccine Program includes actual unreimbursable expenses incurred which: (i) resulted from the vaccine-related injury for which the petitioner seeks compensation, (ii) were incurred by or on behalf of the person who suffered such injury, and (iii) were for diagnosis, medical or other remedial care, rehabilitation, developmental evaluation, special education, vocational training and placement, case management services, counseling, emotional or behavioral therapy, residential and custodial care and service expenses, special equipment, related travel expenses, and facilities determined to be reasonably necessary.  42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner's emergency room copayment, incurred approximately one month post-vaccination, was an actual unreimbursable expense as defined by the Act.  According to the parties' joint stipulation, Petitioner's award of $20,000.00 represented "compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a)." ECF No. 97.  I find that this expense was covered by the parties' stipulation and was not a personally incurred cost in prosecution of the claim.  This results in a reduction of $150.00.  I find remainder of Petitioner's costs to be reasonable and will award them in full.

Accordingly, Petitioner is awarded personal costs in the amount of **$611.09**.

### II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable to the extent described above.  I find that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $8,287.50 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$8,287.50** |
| | |
| Attorneys' Costs Requested | $3,609.98 |
| (Reduction to Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,609.98** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$11,897.48** |
| | |
| Petitioner's Costs Requested | $761.09 |
| (Reduction to Petitioner's Costs) | ($150.00) |
| **Total Petitioner's Costs Awarded** | **$611.09** |

**Accordingly, I award the following:**

1) a lump sum in the amount of **$11,897.48**, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

2) a lump sum in the amount of **$611.09**, representing reimbursement for Petitioner's personal costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).